RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/31/14
JDK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID WILLIAM SUNDAY | DOCKET NO. 14-CV-668, SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN ASK-CARLSON | MAGISTRATE JUDGE KIRK |

### Revised REPORT AND RECOMMENDATION

Pro se Petitioner David William Sunday filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Petitioner attacks his ten year sentence imposed in this Court for the use, carrying and brandishing of a firearm during and in relation to a drug trafficking crime.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Background

Petitioner pled guilty to a Bill of Information charging him with one count of using, carrying and brandishing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A)(iii). He was sentenced to the statutory minimum of ten years of imprisonment, five years of supervised release, and a $100.00 special assessment. Petitioner appealed on the ground that the ten year minimum sentence for the discharge of

1

a weapon should not be triggered by a purely accidental discharge. While the appeal was pending, the United States Supreme Court decided <u>Dean v. United States</u>, 556 U.S. 568 (2009), holding that even an accidental discharge of a weapon is sufficient to trigger the mandatory ten-year minimum sentence. Thereafter, Sunday filed a an authorization to dismiss his appeal; and, on October 14, 2009, Petitioner's appeal was dismissed.

On September 1, 2010, Petitioner filed a motion to vacate pursuant to 28 U.S.C. §2255, raising claims of ineffective assistance of counsel. Relief was denied on September 7, 2011, Sunday did not seek further review. On October 2, 2013, Petitioner filed another Motion to Vacate, which remains pending. [6:06-cr-60082, Doc. #89]

### *Law and Analysis*

Habeas corpus petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed. <u>See</u> <u>Warren v. Miles</u>, 230 F.3d 688, 694 (5th Cir. 2000); <u>Felts v. Vasquez</u>, 2014 WL at *2. A Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 provides the primary means of collaterally attacking a federal conviction and sentence. <u>See</u> <u>Felts v. Vasquez</u>, citing <u>Tolliver v. Dobre</u>, 211 F.3d 876, 877 (5th Cir. 2000). Petitioner is not challenging the manner in which his sentence is being executed; rather, he is challenging the length and legality of the sentence imposed. "A section 2241 petition

that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). Section 2255 contains a "savings clause," which acts as a limited exception to the general rule, allowing a §2241 petition attacking a federal conviction or sentence to be considered if the petitioner establishes that the remedy under §2255 is inadequate or ineffective to test the legality of his detention. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir.2000).

The United States Court of Appeals for the Fifth Circuit set forth the factors that must be satisfied for a petitioner to file a Section 2241 petition in connection with Section 2255's savings clause: "the savings clause of §2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision establishing that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first §2255 motion. See Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001).

In order to satisfy the first prong of the test, the petitioner must show that, based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime. See Jeffers, 253 F.3d 827, 830-31 (2001). Petitioner's argument appears to be that the Supreme Court case of

3

Alleyne v. U.S., --- U.S. ----, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), satisfies the first prong of the Savings Clause. The Fifth Circuit Court of Appeal addressed this argument in In re Kemper, 735 F.3d 211 (5th Cir. 2013), noting that, "In Alleyne, the Supreme Court held that any fact that increases a defendant's mandatory minimum sentence must be submitted to a jury to be proved beyond a reasonable doubt." See id., (citing Alleyne, 133 S.Ct. at 2163). "Alleyne is a direct criminal appeal, see Alleyne, 133 S.Ct. at 2155-56, and therefore did not involve a retroactive application of a rule on collateral review." Id. Moreover, the Fifth Circuit noted that the Supreme Court **did not declare that Alleyne applies retroactively on collateral review.** See In re Kemper, 735 F.3d at 212.

Because Petitioner may not assert his claim via a §2241 petition, the petition should be dismissed for lack of jurisdiction. Petitioner must obtain permission from the Fifth Circuit Court of Appeal to file a second or successive 2255 motion. See Christopher v. Miles, 342 F.3d 378 (5th Cir. 2003).

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED for lack of jurisdiction.**

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days

from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 31st day of July, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE